SCHOOL DISTRICT NO. 3, OF REPUBLIC COUNTY, v. SPOONER R. HOWELL *et al.*, *Partners as Howell Bros.*

1. MECHANICS' LIEN — *Statement, Indefinite, but Not Void.* In a statement of lien filed for materials furnished in the construction of a school-house, the first page shows the quantity and dimensions of lumber furnished, but not the price of each particular lot in detail; but there is a general footing of $1,639.60. It was proved at the trial that the lumber described on this page was sold as a lump lot at a discount on yard prices, and under these circumstances the statement is not so uncertain and indefinite as to be void.

2. REFEREE — *Findings.* A referee who makes general findings of every material fact in issue, is not required to answer numerous questions about minute details.

*Error from Republic District Court.*

THE nature of the action, and the material facts, appear in the opinion. Judgment for *Howell Bros.*, plaintiffs, at the May term, 1888. The defendant *School District* comes here.

*W. T. Dillon,* for plaintiff in error.

*Caldwell, Ellis & Cook,* for defendants in error.

Opinion by Simpson, C.: On the 10th day of April, 1886, Howell Brothers commenced this action in the district court of Republic county against W. C. Schull, and School District No. 3 of said county. In their petition they asked for a personal judgment against Schull for $570.47, and a foreclosure

of a material lien on the school-house situate in District No. 3. It was alleged that the school district had made a contract with Schull to erect a school-house, agreeing to pay him the sum of $3,000 therefor. Howell Bros. sold and delivered to Schull, to be used in the construction of the school-house, a quantity of lumber and other building material, amounting to $2,119.35, the sum sued for, remaining unpaid. The school-house and buildings were fully completed on the first day of January, 1886. On the 18th day of January, 1886, they filed their statement for a material lien. The answer of the school district admitted its ownership of the land and building described in the statement of lien, admitted its contract with Schull as stated in the petition, admitted that the plaintiffs furnished lumber and material to Schull to the amount of $1,420, but denied that the plaintiffs furnished Schull any other lumber or material that was used in the construction of the school-house, and denied that plaintiffs have filed such a statement of lien as is required by law. The plaintiffs filed a reply containing a general denial to such allegations as are not admitted by the answer.

It will be seen that two issues are made, one of law, as to whether the statement of lien is sufficient, and the other of fact, as to whether the plaintiffs below furnished lumber and other material to Schull to be used in the construction of the school-house in excess of $1,420. These issues were sent to a referee for trial, who reported as follows:

"1. The defendant School District No. 3, in the county of Republic and state of Kansas, is, and was during the year 1885, a corporation, created, organized and doing business under the laws of the state of Kansas; and on the 4th day of September, 1885, it was the owner of the following described real estate situated in the town of Wayne, in said county of Republic and state of Kansas, to wit: Commencing at the point of intersection of the north line of Randolph street, in the town of Wayne, with the west line of Third street of said town, thence north in a continuation of the west line of Third street aforesaid, three hundred feet; thence west parallel with the north line of Randolph street, three hundred feet;

thence south in a continuation of the east line of Second street, in said town, three hundred feet, to intersect the north line of Randolph street; thence west on said north line to the place of beginning, containing two and six-hundredths acres, more or less, and being a part of the northwest quarter of the southwest quarter of section 9, in township 4 south, of range 4 west of the sixth principal meridian; same land being described in the petition of the above-named plaintiffs, and ownership admitted in the answer of said School District No. 3, defendant above named.

"2. On the 29th day of August, 1885, defendant School District No. 3, above named, and defendant W. C. Schull, above named, entered into a written agreement and contract with each other, whereby W. C. Schull agreed that for and in consideration of $2,950, he, W. C. Schull, would furnish the material and erect according to certain plans and specifications, a school-house on the land heretofore mentioned and described, for which School District No. 3 agreed to pay said W. C. Schull the sum of $2,950. As a matter of fact there was an oral or verbal contract by and between said School District No. 3 and W. C. Schull, the aforesaid defendant, made and entered into on or about the 1st day of December, 1885, whereby said W. C. Schull agreed to furnish the material and erect certain outhouses, platform to school building and extra cornice, and other extra fixtures thereon, to the amount of $319.35, for said School District No. 3, above mentioned, and on the land heretofore described as owned by said school district in the town of Wayne and county aforesaid.

"3. In pursuance of said contract by and between said School District No. 3 and W. C. Schull, the defendant in this action, W. C. Schull, defendant and contractor, did agree to purchase and did purchase of the above-named plaintiffs, Howell Bros., lumber and other material for the erection of said school building, out-buildings and platform, and other extras, to the amount of $2,119.35; and the above-named plaintiffs, Howell Bros., did, in pursuance of said contract made by and between said School District No. 3 and W. C. Schull, contractor, contract to furnish and did furnish in pursuance thereof to said W. C. Schull, contractor, lumber and other material for the erection of said school building, outbuildings, platforms, and other extras, all to be used on the land heretofore mentioned and described, and under the contract heretofore mentioned and described, to the amount and of the value of $2,119.35, of which lumber and material there was

used by said contractor, W. C. Schull, in the erection of said school building, out-houses and improvements, placed on the land above described, to the amount and of the value of $1,182.37. The plaintiff has received pay on said bill as follows:

| | |
|---|---:|
| By return of lumber and material | $128 88 |
| By cash | 1,420 00 |
| Total | $1,548 88 |

"There was $108.10 worth of the material received from this plaintiff by defendant W. C. Schull, to be placed in said school building and other improvements heretofore mentioned, that was not used by said W. C. Shull, nor was the same returned to the plaintiffs nor to any other person for them.

"4. It was agreed by and between C. A. Campbell, Thomas Lupert and George A. Hovey, the three constituting the members of the school board, that they would look after the building and see that the material was used for the building, and it was agreed that George A. Hovey was to oversee the building of the school-house, he having a business within about three hundred feet of where the school building was then being erected, and time sufficient to look after the school building. Certain members of the school board above mentioned, took and used a part of the $108.10 worth of material just above referred to, and the same was so done without the knowledge or consent of the plaintiffs.

"5. All said material and lumber was furnished by the above-named plaintiffs to be used in school building and other improvements heretofore mentioned on the land heretofore described, and not otherwise; and was so furnished between the 9th day of September, 1885, the last item being furnished on the 7th day of December, 1885, and said building and improvements were all completed on the 1st day of January, 1886, and accepted by the School District No. 3, one of the above-named defendants.

"6. On the 1st day of January, 1886, there was a balance due and owing from W. C. Schull, contractor, to the above-named plaintiffs, ( who I find to be, as a matter of fact, sub-contractors,) for lumber and material furnished by said plaintiffs, sub-contractors as heretofore set forth, in the sum of $570.47; and said sum of $570.47 still remains due and owing to said plaintiffs from W. C. Schull, contractor.

"7. On the 18th day of January, 1886, the plaintiffs filed in the office of the clerk of the district court of Republic county,

Kansas, a material-men's lien and affidavit, same containing an itemized account and value of said lumber and building material, with credits. On the 17th day of January, 1886, the plaintiffs served a full, true and complete copy of said material-men's lien, just referred to,, with credits, on Charles A. Campbell, director of said School District No. 3, in Republic county, Kansas."

### MATTERS OF LAW.

"1. The lien statement filed in the above-entitled action by the plaintiffs, sets forth the amount claimed and the items thereof, sufficiently definite to give reasonable notice to purchasers and creditors of the existence and extent of the lien, and therefore complied with article 27 of liens of mechanics and others, of chapter 80, General Statutes of Kansas, and said lien statement was duly filed in the office of the clerk of the district court in and for Republic county, Kansas, and copies were served as required by § 631 of statutes just above mentioned.

"2. The referee has the power, and under the reference of this case it became his duty, upon good cause shown, to allow any and all amendments to the pleadings that may be necessary to justly determine the matters in issue between the parties before him; and therefore, upon good cause being shown, allows the plaintiff to amend his petition by attaching a copy of the mechanic's lien filed in this case to same.

"3. There is due plaintiffs from defendant W. C. Schull the sum of $570.47, with interest at seven per cent. from and after the 1st day of January, 1886, for which said plaintiffs are entitled to judgment in this action against said defendant, together with costs. And said plaintiffs are entitled to have a lien upon the land, school building and improvements just aforementioned, to the amount of $570.47, with interest at seven per cent. per annum from and after the 1st day of January, 1886, and costs of this action."

There were exceptions to the report of the referee, and a motion for a new trial, and all questions raised by the plaintiff in error were properly saved. Several of these questions are unimportant, and are made on side issues. Those that are important in view of the issues made by the pleadings we will proceed to notice.

I. It is claimed that there was no sufficient statement of lien filed. This particular contention is based upon the fact

19 — 44 KAS.

that the statement is indefinite, uncertain and void, and because the first page of the statement does not give in detail the dimensions of the lumber, or the price of each particular kind of lumber, and therefore does not contain in the language of the statute, "the amount claimed and the items thereof as nearly as practicable." The amount of the material furnished as stated on this page, is $1,639.60. There is evidence in the record tending strongly to show that this was a lump purchase; that by the agreement of Schull and the plaintiffs below this bill of material included on the first page was sold at a discount from yard prices, and that Schull promised to pay the sum of $1,639.60 for all that was included on the first page of the statement. The statement shows among other items on the first page 8,000 feet of siding; 1,000 feet of fencing; 4,000 feet of flooring, and many other items, giving number, size and length; but the price of each is not carried out, because all these things were grouped together and sold for a lump sum. It is apparent that the statement, so far as this particular page is concerned, is not so indefinite and uncertain as to be void. Objection is made to the use of abbreviations that are almost universally used by business men, but their significance is so apparent that it would be a waste of time to comment at length on such criticisms. The statement of the lien is definite and certain enough for all practical purposes, and served every purpose of notice to the officers of the school district, and is as near a substantial compliance with all the requirements of the statute as the nature of the transaction will allow.

II. There is some evidence to sustain the findings of the material facts as made by the referee, and they are approved by the trial court, and are conclusive here; but in view of the objections urged by counsel for plaintiff in error, that the referee refused to answer many special questions propounded, and assuming, without deciding, that he can be required to do so to the same extent as a jury, yet it appears that every material fact was found by the referee, and that the numerous questions

propounded involved unnecessary details, and were in the nature of a cross-examination.

One other objection is deserving of a passing note.   It appears that, after most of the evidence was in, it was discovered that the plaintiffs below had failed to attach to the amended petition a copy of the statement of lien filed in the office of the district clerk, but it was referred to in the petition as hereto attached and marked "Exhibit A."   The referee permitted this to be attached to the petition, and this is characterized by the plaintiff in error as a material amendment that the referee had no power to make.   We regard it as an act of neglect that might be remedied by the permission of the referee.   It did not change the issues in any respect, and could not by any possibility affect any substantial right of either party.   It is not permitting an amendment of the pleadings so as to change any issue made, as that would be clearly without the power of the referee.

We think substantial justice has been done, and no material error committed that ought to bring about a reversal, and recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.